# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES EISEMAN, <br>     CIC 16-11-0195, <br><br>         Petitioner, <br><br> v. <br><br> WENDY KNIGHT, <br><br>         Respondent. | Case No. 1:17-cv-01067-JMS-MJD |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

James Eiseman was disciplined at an Indiana prison in No. CIC 16-11-195 for engaging in an unauthorized financial transaction. Contending that the proceeding is infected with constitutional infirmity, Eiseman seeks a writ of habeas corpus.

Having considered the pleadings, the expanded record, and the parties' arguments, and being duly advised, the Court finds no infirmity in the challenged proceeding and therefore denies the petition for writ of habeas corpus.

**Discussion**

A conduct report was issued on November 15, 2016, charging Eiseman with having used the telephone during the week of May 1, 2016 to arrange for his brother's girlfriend to receive money. He did this without authorization. On November 20, 2016, Eiseman was notified of this charge and of his procedural rights in connection with the matter. Eiseman requested that the phone logs be produced as evidence, but did not request witnesses.

A hearing on the charge was conducted on November 21, 2016. Eiseman was present and made a statement concerning the charge. His statement was considered, together with the conduct report and the other evidence. The hearing officer found Eiseman guilty of the charged offense. Sanctions were imposed, Eiseman's administrative appeal was rejected, and this action followed.

Eiseman seeks relief pursuant to 28 U.S.C. § 2254(a). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.; see also Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010). Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Eiseman:

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Eiseman was supplied with the protections required by *Wolff* and *Hill.* Specifically, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Eiseman was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

Related to claims which were properly preserved for consideration here, Eiseman's contentions otherwise are meritless.

- He first argues that he did not receive the minimum 24-hour advance notice because the hearing was conducted 23 hours after he was notified of the charge. This contention lacks merit, however, because the expanded record shows that at the time of notification Eiseman waived his right to 24 hours advance notice. With that waiver in hand, prison authorities did not act improperly in going forward with the hearing when they did. Even if the Court concluded otherwise, moreover, Eiseman has not alleged or demonstrated prejudice in the scheduling of the hearing. *See Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary hearings).

- Eiseman's second claim is that he was denied evidence in the form of surveillance videos. However, at the notification step, Eiseman did not request videos and at the hearing itself no reference was made to his renewed request for them. Importantly, the right of inmates to call witnesses at disciplinary hearings is not unqualified; rather, the Supreme Court's decision in *Wolff* may be interpreted as affording inmates the right to call witnesses when their requests are *timely*. *Sweeny v. Parke*, 113 F.3d 716, 720 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001). As the Seventh Circuit Court of Appeals found in *Sweeney*, prison officials need leeway in operating their institutions in an orderly fashion and an inmate's day-of-hearing request to call witnesses may be a delay tactic, may raise the level of confrontation between prison staff and the inmate and thereby undermine prison officials' authority, and may disrupt the institution's disciplinary process and hinder its rehabilitation function. *Sweeney*, 113 F.3d at 720. Accordingly, the Seventh Circuit acknowledges that prison officials are justified in summarily denying such requests. *Id.* There was no denial of due process in the denial of Eiseman's request for video records made for the first time at the hearing.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Eiseman to the relief he seeks. The expanded record refutes Eiseman's arguments that he was denied the protections afforded by *Wolff* and *Hill.* Accordingly, his petition for writ of habeas corpus must be denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 9/26/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES EISEMAN
215296
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov